UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ERIC LEE PORTERFIELD, *Pro Se*, | ) | Case No.: 1:19 CV 2516 |
| | ) | |
| Plaintiff | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE, *et al.*, | ) | |
| | ) | MEMORANDUM OF OPINION |
| Defendants | ) | AND ORDER |

*Pro Se* Plaintiff Eric Lee Porterfield has filed a Complaint in this action against the U.S. Department of Justice, the Ohio Department of Rehabilitation and Correction, and the Mansfield Correctional Institution. (Doc. No. 1.) His Complaint, and the multiple attachments he has submitted with it, are incomprehensible. The Complaint consists of pages of incoherent and conclusory legal assertions and rhetoric, and purports to assert a patently invalid legal claim against the Defendants for conspiracy "to commit Tradename Infringement" and "Breach of Security Agreement" in connection with his name. (*Id*. at 2.)

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the lenient treatment accorded *pro se* plaintiffs has limits. *See e.g., Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir.1996). *Pro se* litigants must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 Fed. App'x 579, 580 (6th Cir. 2001). Federal

courts are courts of limited jurisdiction and have a duty to police the boundaries of their jurisdiction. "[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999).

The court finds this action must be dismissed in accordance with *Apple v. Glenn*. The allegations in the Plaintiff's Complaint are so incoherent, unsubstantial, and frivolous that they do not provide a valid basis to establish this court's subject-matter jurisdiction over any claim in the case.

**Conclusion**

Accordingly, this action is dismissed for lack of subject-matter jurisdiction pursuant to *Apple v. Glenn*. The court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                              */s/ SOLOMON OLIVER, JR.*
                                              UNITED STATES DISTRICT JUDGE

March 11, 2020